IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MASON,

                                                                      OPINION AND ORDER

                       Plaintiff,

                                                                       19-cv-83-bbc

    v.

GREEN COUNTY, BRADLEY GILBERT,
RANDALL A. TEUTSCHMANN, AND
SCOTT A. ELLEFSON,

                     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Michael Mason contends that deputies from the Green County Sheriff's Department violated his Fourth Amendment rights by entering and searching his home without a warrant. On March 30, 2020, I denied defendants' motion for summary judgment, concluding that defendants had failed to show that the warrantless search was justified by exigent circumstances and the community caretaker doctrine. I directed the parties to submit supplemental briefing on two issues: (1) whether there were any genuine disputes of material fact that precluded the court from granting summary judgment to plaintiff on plaintiff's warrantless entry claim; and (2) what damages, if any, plaintiff could recover. The parties' supplemental briefing is now before the court. For the reasons below, I will grant summary judgment to plaintiff as to liability. I conclude that plaintiff's damages are limited as set forth below..

OPINION

1

A. <u>Liability for Warrantless Entry</u>

Defendants contend that the court should not grant summary judgment to plaintiff because there are disputed issues of fact regarding whether exigent circumstances justified defendants' entry in plaintiff's home. Defendants argue that when the facts are viewed in their favor, a reasonable officer could have believed that: (1) there were guns in plaintiff's home; (2) plaintiff was still in his home; (3) shots could be fired from plaintiff's home into his parent's home; and (4) making efforts to verify plaintiff's claimed location in Madison would have not have been practical and would have kept plaintiff's family and officers in danger. Defendants contend that if a jury accepted defendants' version of events, it could conclude that the warrantless entry into plaintiff's home was reasonable.

Defendants' arguments are not persuasive because they have failed to identify any "facts" that are actually in dispute. As to whether there were guns in the house, defendants contend that plaintiff's daughter told dispatch only that she did not "recall" seeing guns in the home. Thus, defendants argue, an officer could have believed that there might be guns in the house. However, there is no genuine dispute about what the daughter told dispatch or whether there was a remote possibility that there were guns in the house of which plaintiff's daughter was unaware. Even if plaintiff's daughter had told dispatch that she was "sure" that there were no guns in the house, the police could have been skeptical. But whether an officer could have believed reasonably that there were guns in the house is not enough to raise a genuine dispute of material fact. The important question for summary judgment is whether an officer could have believed reasonably that plaintiff was in the house

and armed with a gun that he intended to use.

Defendants argue that an officer could have believed that plaintiff was in his house because plaintiff's daughter testified at her deposition that she thought her dad might be in the house. Specifically, plaintiff's daughter testified that she was scared by the armed police because she thought her dad might still be in the house when the police arrived. Dkt. #16 at 31, 36. The daughter's deposition testimony is ambiguous as to when she thought her dad was still in the house. Regardless, the deposition testimony is irrelevant to the Fourth Amendment analysis. Only the facts and circumstances known to the officers are relevant to the Fourth Amendment analysis. Martinez v. City of Chicago, 900 F.3d 838, 845 (7th Cir. 2018). At the time they entered plaintiff's house, defendants did not know that plaintiff's daughter thought her dad might be inside. The facts that defendants did know were: plaintiff had not been seen for an hour; plaintiff's car was gone; plaintiff's parents told police that plaintiff was probably gone if his car was gone; and plaintiff was cooperating with police, on the phone, and was stating that he was at work in Madison.

Defendants also argue that there are disputed fact issues regarding whether shots could be fired from plaintiff's house to his parents' house. However, there are no genuine factual disputes about the physical proximity of the houses. Plaintiff admitted at summary judgment that "theoretically," someone could shoot a gun from plaintiff's house to his parents' house. However, the physical proximity of the houses is not sufficient to create a dispute about the reasonableness of defendants' entry in plaintiff's home, because no reasonable officer under the circumstances would have believed that plaintiff was in the

3

house, armed and likely to shoot into his parents' house.

Finally, defendants contend that there are material facts in dispute about how easy it would have been for defendants to ask a City of Madison or Dane County police officer to verify plaintiff's whereabouts. Defendants concede that when a subject is not close by, it is the normal practice of the Green County Sheriff's Department to have a officer from another agency confirm and speak with the subject. However, defendants argue that there is no evidence suggesting that it would have been reasonable to ask another agency for assistance in this case. This argument is not sufficient to defeat summary judgment for plaintiff, as it is not supported by any evidence. Defendants cite no evidence to support a finding that it would have been difficult, impractical or unreasonable to request assistance from another law enforcement agency under the circumstances of this case. They do not cite evidence suggesting that this case was unique or that something about the time of day or plaintiff's location would have created difficulties for Madison or Dane County officers.

As I stated in the previous summary judgment decision, the undisputed evidence shows that the most reasonable action would have been for defendants to request assistance from Madison or Dane County in confirming plaintiff's location before entering his home. By the time defendants entered plaintiff's home, an hour had passed since plaintiff had been seen. There was no movement or activity in plaintiff's house. His car was gone. Several officers had created a perimeter around plaintiff's and his parents' home. Defendants do not even attempt to explain why it would have been unsafe to contact Madison or Dane County for assistance before entering plaintiff's home. Defendants' speculation that it might have

4

taken a significant amount of time for an officer to verify plaintiff's location is pure speculation, and is not sufficient to defeat summary judgment. Lavite v. Dunstan, 932 F.3d 1020, 1029 (7th Cir. 2019) (inferences supported only by "speculation or conjecture" are not sufficient to defeat summary judgment).

In sum, the undisputed evidence shows that defendants violated plaintiff's Fourth Amendment rights when they entered and searched his home without a warrant. Because defendants have failed to identify any genuine disputes of material facts that need to be resolved by a jury as to liability, I will grant summary judgment to plaintiff.

### B. Damages

In the previous order, I directed plaintiff to submit supplemental briefing regarding the damages he was seeking. I questioned plaintiff's ability to recover damages for any injury caused by having to defend himself against the drug charges in the state court criminal action. In particular, I explained that in Fourth Amendment civil cases, damages are limited to the harm arising directly from the constitutional violation at issue. Martin v. Marinez, 934 F.3d 594, 598 (7th Cir. 2019). This rule would allow plaintiff to recover damages, if any, that he suffered that were caused directly by the warrantless entry and search. However, because plaintiff's subsequent arrest and prosecution were supported by probable cause that he had a marijuana grow operation in his basement, plaintiff could not recover for attorney fees or other harm he suffered in connection with his prosecution. I also stated that the evidence presented at summary judgment did not seem to support a claim for

punitive damages.

Plaintiff has now responded. He argues that under traditional tort principles of causation and damages, plaintiffs in § 1983 cases can recover for all foreseeable consequences from the constitutional violation. Thus, he argues, he should be permitted to recover the money he spent defending himself in the state criminal case, as well as the reputational, occupational and emotional damages he incurred after being criminally prosecuted. He cites Guzman v. City of Chicago, 689 F.3d 740 (7th Cir. 2012), Herzog v. Village of Winnetka, Ill., 309 F.3d 1041 (7th Cir. 2002), Moore v. Marketplace Rest., Inc., 754 F.2d 1336, 1359 (7th Cir. 1985), to support this argument, but all of these cases are distinguishable from the circumstances in this case.

In Guzman, the court stated that the plaintiff could recover for physical injuries she sustained when she was unlawfully seized during an unlawful search of her home. Id. at 745. Similarly, in Herzog, the court stated that the plaintiff could recover damages for excessive and offensive force used during an illegal arrest, because the force and related injuries were "foreseeable consequences of the illegal arrest, and the ordinary rules of tort causation apply to constitutional tort suits." Id. at 1044. In Moore, Judge Posner stated in his concurrence that if the plaintiffs proved that they were arrested unlawfully, they should be permitted to recover damages for their protracted detention at the jail. Id. at 1359.

The circumstances in those cases are distinguishable from those here. The types of damages discussed in Guzman, Herzog, and Moore arose directly from the Fourth Amendment violations. The plaintiffs in Guzman and Herzog suffered physical injuries

because they were unlawfully seized. The plaintiffs in Moore suffered prolonged detention in jail because they were arrested. In those cases, the injuries were incurred solely because of the defendants' Fourth Amendment violations. In contrast, plaintiff's alleged injuries were caused not just because defendants entered his home unlawfully. Any injuries stemming from the criminal prosecution were caused directly by several intervening events, including the discovery of marijuana in basement, which supported probable cause for a search warrant and criminal charges against plaintiff. As the court of appeals explained in Martin v. Marinez, 934 F.3d 594 (7th Cir. 2019), plaintiffs cannot recover damages for injuries that were caused by a search or criminal prosecution that were supported by probable cause.

The court explained in Martin that the damages sought must be proportional and related directly to the constitutional violation at issue. Id. at 601. In Martin, the plaintiff was detained without probable cause or reasonable suspicion, but the officer found an illegal firearm during the detention. The court held that the plaintiff could recover damages only for the brief unlawful detention, not for the subsequent arrest, incarceration or prosecution. The arrest was supported by probable cause, and the exclusionary rule does not apply in civil cases. Id.

Under these legal principles, if a plaintiff proves that his Fourth Amendment right to be free from unreasonable searches and seizures has been violated, he can recover damages for the invasion of his privacy. Id. But a plaintiff cannot recover damages arising after evidence of a crime was uncovered and he was later arrested and criminally prosecuted. Id.

(citing Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999)). The Fourth Amendment's prohibition on unlawful searches is intended to protect privacy. It is not intended to prevent punishment of criminal activity. Id. at 603.

Plaintiff contends that Martin should be limited to cases in which the plaintiff brings an unsuccessful claim for false arrest. He contends that because he did not bring a claim for false arrest, Martin does not apply. However, Martin is not limited to claims involving false arrest. In Martin, the court discusses Fourth Amendment and constitutional claims generally, and states repeatedly that damages "should be tailored to protect the right in question." Id. at 605. Moreover, the court discusses unlawful search claims specifically, which is the type of claim that plaintiff brings in this case, and quoted from Townes, 176 F.3d at 148 as follows:

> Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy–including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.

Id. at 603. Accordingly, plaintiff can recover only for damages, if any, that he suffered as a result of the warrantless entry and search. He may not recover any damages relating to his subsequent arrest and prosecution, including his attorney fees, damage to his personal and professional reputation or financial losses.

As for punitive damages, plaintiff concedes that there is no evidence that defendants acted maliciously or that they intended to harm him. However, he contends that a reasonable jury could conclude that defendants acted with reckless disregard for plaintiff's

rights by failing to take reasonable investigative measures to confirm plaintiff's location before entering his home without a warrant. Although I think that plaintiff's case for punitive damages is weak, I will not preclude plaintiffs from presenting a punitive damages claim at trial.

### C. Schedule

In light of the current coronavirus pandemic, this case will not proceed to a jury trial on June 1, 2020 as scheduled. Therefore, I will strike the remaining deadlines. The court can try this case on August 10, September 14, September 21, or October 5, 2020. The parties should confer and notify the court of the date that works best for them by the deadline set below.

### ORDER

IT IS ORDERED that

1. Summary judgment is GRANTED in favor of plaintiff Michael Mason on plaintiff's claim that defendants Bradley Gilbert, Randall Teutschmann and Scott Ellefson entered and searched his home without a warrant in violation of the Fourth Amendment.

2. Plaintiff may not recover damages stemming from his subsequent arrest and criminal prosecution, including his attorney fees, damage to his personal and professional reputation and financial losses.

3. The remaining schedule in this case is STRUCK. The parties may have until May

6, 2020 to notify the court which of the following dates will work for trial: August 10, September 14, September 21, or October 5, 2020.

Entered this 22d day of April, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge