IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL MASON,

       Plaintiff,

    v.

GREEN COUNTY, BRADLEY GILBERT,
RANDALL A. TEUTSCHMANN, and
SCOTT A. ELLEFSON,

       Defendants.

OPINION and ORDER

19-cv-83-wmc

Plaintiff Michael Mason brought claims against Green County and three of its deputies, contending that the deputies entered and searched his home without a warrant in violation of his Fourth Amendment rights. On April 22, 2020, Judge Barbara Crabb granted summary judgment to plaintiff as to liability, leaving only the question of what damages are appropriate. (Dkt. #38.)[1]  A jury trial on damages is set to commence on Monday, September 14, 2020.  In advance of the final pretrial conference ("FPTC") scheduled for September 1, 2020, the court issues the following opinion and order addressing the parties' motions in limine.[2]

OPINION

## I.  PLAINTIFF'S MOTIONS IN LIMINE

### A. MIL No. 1: Exclude facts not known to the responding officers (Dkt. #47)

Plaintiff asks the court to preclude defendants from introducing evidence or testimony about information not known to the defendant officers at the time they entered and searched

---

[1] For purposes of conducting the damages trial itself, this case was then reassigned to me.

[2] In light of COVID-19 concerns, the FPTC will be moved to Zoom and begin at 3:00 p.m., although the trial itself will be conducted in person.

plaintiff's home.  Specifically, plaintiff's motion is concerned with defendants' introduction of Madeline Mason's statement to the 911 operator that she thought her dad might be in the house.  Plaintiff argues that because the operator did not share this information with the individual defendants, they should be precluded from testifying about it to the jury.  *See Martinez v. City of Chicago*, 900 F.3d 838, 845 (7th Cir. 2018) (only the facts and circumstances known to the officers are relevant in determining their liability under the Fourth Amendment).

Defendants oppose the motion, arguing that:  (1) the 911 operator *did* relay Madeline's statement to defendants; and (2) in any event, they should be permitted to rely on the collective knowledge doctrine.  "The collective knowledge doctrine permits an officer to stop, search, or arrest a suspect at the direction of another officer or police agency, even if the officer himself does not have firsthand knowledge of facts . . . necessary . . . to permit the given action." *United States v. Williams*, 627 F.3d 247, 252 (7th Cir. 2010).

This motion will be granted in part and denied in part.  In briefing this motion, both sides ignore the fact that the Fourth Amendment *liability* question has already been resolved by the court.  Thus, the jury will *not* be deciding whether defendants' entry and search of plaintiff's home was lawful; it was not.  So neither plaintiff's arguments based on *Martinez* nor defendants' arguments about the collective knowledge doctrine are applicable or even helpful.

That being said, the individual defendants' knowledge of particular facts and circumstance may be relevant to plaintiff's claim for punitive damages, since such evidence goes to their state of mind.  Therefore, defendants may testify about information they had in deciding to enter and search plaintiff's home.  However, under the rules of evidence, the individual defendants may not testify about information that had not been conveyed to them personally and about which they lack personal knowledge.  As to the specific statement by

Madeline Mason, defendants submitted evidence at summary judgment that the officers *were* informed that the 911 caller believed that plaintiff had returned to his residence. (Ellefson Decl., dkt. #12, ¶ 7.)  Defendants may testify as such, and plaintiff may cross-examine defendants regarding when that information was relayed, as well as whether any other information was relayed about plaintiff's likely whereabouts.


### B. MIL No. 2: Exclude information regarding the discovery of unlawful drugs and paraphernalia and of plaintiff's subsequent criminal prosecution (Dkt. #48)

Plaintiff also seeks to preclude defendants from introducing evidence that:  (1) marijuana and drug paraphernalia was found in plaintiff's home; and (2) plaintiff was subsequently investigated and prosecuted for drug offenses.  Plaintiff argues that this evidence is irrelevant and unduly prejudicial.  The court agrees, and this motion will be granted.

All evidence related to the discovery of drugs and drug paraphernalia in plaintiff's home, as well as evidence of any subsequent criminal proceedings against plaintiff not leading to a felony conviction will be precluded entirely.  Having already determined that defendants violated plaintiff's Fourth Amendment rights by entering and searching his home without a warrant -- and that defendants entered plaintiff's home without reason to believe that they would find illegal drugs, at least at that time -- the fact that law enforcement later found unlawful drugs is irrelevant to the Fourth Amendment violations, and to the extent even arguably relevant, plaintiff's damages claim is likely to be unduly prejudicial.

Specifically, defendants argue that this evidence is somehow relevant to plaintiff's claim that defendants allowed his cat to escape during the initial search of his house, apparently based on the theory that the cat could have escaped when plaintiff's house was later searched lawfully pursuant to a warrant.  But this evidence has nothing to do with the *results* of the

lawful search.  To the extent defendants want to argue that plaintiff's cat could have escaped some other time, they can refer to the fact of the later search, introduce evidence or testimony of other people who entered and exited plaintiff's house during the 10 days following the initial, illegal search, or while plaintiff was out of town.  However, this is hardly a sufficient reason for defendants to introduce the results of the second, lawful search given its likely prejudicial effect.

### C. MIL No. 3: Deem facts previously found to be undisputed as established for trial and to so instruct the jury

Under Rule 56(g) of the Federal Rules of Civil Procedure, plaintiff requests that the court rule certain of the "undisputed facts" from the court's summary judgment decision are established for purposes of trial.  In particular, plaintiff requests that the court provide the jury with a list of these facts describing the October 17, 2016 incident.

To begin, Rule 56(g) provides that "[i]f the court does not grant all the relief requested by the [summary judgment] motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case."  In other words, Rule 56(g) permits the court to issue a written ruling to deem established facts that are not genuinely in dispute in the case.  Here, plaintiff argues that if the court provides the undisputed facts to the jury, the trial will be more efficient and will prevent defendants from attempting to raise factual disputes previously resolved by the court at summary judgment.

The court generally agrees with plaintiff that it would be an efficient use of judicial resources, particularly during this Covid-19 pandemic, to streamline this trial to the extent practical and just by reading to the jury a statement of undisputed facts, rather than to present previously established, undisputed facts through testimony of multiple witnesses.

In opposing this motion, however, defendants argue that the specific facts identified by plaintiff are actually still in dispute, and defendant should not be bound by the record submitted at summary judgment, pointing to the Committee Notes to Rule 56, which state that a court should "take care" to ensure that the use of Rule 56(g) "does not interfere" with a nonmovant's ability to accept a fact for "purposes of the [summary judgment] motion only." Fair enough, but defendants' argument is still largely unpersuasive here. First, before granting summary judgment to plaintiff on liability, the court gave defendants the opportunity to identify any genuine disputes of material facts that would preclude judgment as to liability. (Dkt. #31 at 18.)  Defendants failed to do so, and the court concluded that there were *no* genuine disputes of material fact as to liability on plaintiff's Fourth Amendment claim.  (Dkt. #38 at 2.)  That decision is now the law of the case, and defendants cannot dispute at trial any of the facts that were material to the court's summary judgment decision in favor of plaintiff. *See Ienco v. Angarone*, 429 F.3d 680, 684 (7th Cir. 2005) (under "law of the case" doctrine, "once an issue is litigated and decided that should be the end of the matter").

That being said, plaintiff is pursuing a claim of punitive damages in this case.  Thus, the individual defendants' states of mind during the incident *are* relevant, and the court will not prohibit defendants from testifying about their actions and motivations during the incident.  Fortunately, many of the undisputed facts identified by plaintiff are irrelevant to defendants' motivations and actions, such as the background facts about which defendants were not personally aware.  Even so, some of the facts identified by plaintiff might be better presented by the parties.  I will, therefore, reserve on this motion until I hear further argument from the parties at the FPTC.

## II. DEFENDANTS' OMNIUBUS MOTION IN LIMINE (Dkt. #54)

### A. MIL No. 1: Preclude plaintiff from arguing any damages for the emotional distress of his daughter Madeline Mason

Defendants seek to preclude plaintiff from recovering emotional distress damages based on the fear and stress that his daughter felt during the entry and search of plaintiff's house. Defendant argues that plaintiff can recover only for his own emotional distress resulting directly from the invasion of his privacy.

While this motion seems appropriate if narrowly construed, plaintiff represents that he is *not* seeking to recover for his child's emotional distress; rather, he is seeking to recover for the emotional distress that *he* experienced after learning his child had been traumatized by armed law enforcement entering the home while she thought her father was inside. This court held previously that plaintiff may recover for damages, if any, that he suffered as a result of the warrantless entry and search. (Dkt. #38 at 8.) While this excludes damages relating to his subsequent arrest and prosecution on drug offenses, it includes damages for physical injuries, property damage and injury to reputation resulting from the original, illegal entry. (*Id.*) In addition, it is well established that plaintiffs in § 1983 cases may recover damages for emotional harm. *Manley v. Law*, 889 F.3d 885, 890 (7th Cir. 2018).

Here, plaintiff alleges that his emotional distress was caused by defendants' unlawful entry into his home, and defendants have cited no legal authority holding that plaintiff cannot recover for the full range of emotional harms caused by their wrongful home invasion. So this motion will be denied absent defendants submitting additional, supporting legal authority before the FPTC.

### B.  MIL No. 2: Preclude plaintiff from recovering for damages for his cat escaping his house

Defendants also move to preclude plaintiff from recovering for emotional distress damages based on the loss of his cat, which he claims defendants let escape during the unlawful search.  Defendants argue that any emotional distress related to the loss of the cat is not directly related to the invasion of plaintiff's privacy, so it is not recoverable.  Again, defendants cite no legal authority to support their argument, and this court has concluded previously that a plaintiff can recover for emotional distress caused by harm to pets during an unlawful search or seizure.  *See Westmore v. Hyde*, No. 14-CV-861-WMC, 2016 WL 2771801, at *6 (W.D. Wis. May 12, 2016).

Defendants also contend that:  (1) plaintiff has no evidence that the cat escaped during the search; and (2) the cat might have escaped later.  Plaintiff responds that he *does* have evidence to support his claim, particularly through defendant Teutschmann, who allegedly told plaintiff that the cat had run out of the house during the search.  Therefore, this motion will also be denied.

### C.  MIL No. 3: Preclude plaintiff from presenting any evidence that defendants may be covered by insurance

This motion is granted as unopposed.  Without advance leave of court after good cause shown, neither side may introduce evidence or testimony about any of the defendants' possible insurance or financial condition.

**D. MIL No. 4: Permit defendants to present evidence that plaintiff was criminally convicted of disorderly conduct as a result of the events underlying this lawsuit**

Defendants seek permission to introduce evidence that plaintiff was convicted of misdemeanor disorderly conduct based on the argument he had with his father.  Defendants argue that plaintiff's conviction is relevant to his claim for punitive damages, because it shows that defendants did not "randomly target[] plaintiff's home."  (Dkt. #54 at 6.)

Because plaintiff's misdemeanor conviction is largely irrelevant to punitive damages *and* would be unduly prejudicial in any event, this motion will be denied.  Indeed, the fact of plaintiff's later conviction is wholly irrelevant to defendants' state of mind at the time they decided to enter and search plaintiff's home, or even plaintiff's general state of mind afterward, unless he were to somehow "open the door" to such evidence.

**E. MIL No. 5: Preclude plaintiff from presenting evidence relating to mental or emotional damages, attorney fees, or damage to reputation arising from his arrest, incarceration or prosecution resulting from the October 17, 2016 search of his home**

This motion is granted as unopposed.

## ORDER

IT IS ORDERED that:

1.  Plaintiff's motion in limine #1 to exclude evidence or testimony regarding facts not known to officers (dkt. #47) is GRANTED IN PART and DENIED IN PART as set forth above.

2.  Plaintiff's motion in limine #2 to exclude evidence regarding the discovery of unlawful drugs and paraphernalia in plaintiff's house, and of plaintiff's subsequent criminal prosecution (dkt. #48) is GRANTED.

3.  Plaintiff's motion in limine #3 to deem facts previously found to be undisputed by the court as established for trial (dkt. #49) is RESERVED as set forth above.

8

4. Defendants' omnibus motion in limine (dkt. #54) is GRANTED IN PART and DENIED IN PART as set forth above.

5. The FPTC in this case will proceed by zoom video conference on September 1, 2020, at 3:00 p.m.  The clerk's office shall send out the zoom invite to all counsel of record.

Entered this 27th day of August, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge